UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| J'HONALI ONE EYE EL-BEY,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN AT FMC-LEXINGTON, *et al.*,<br><br>    Defendants. | CASE NO. 5:23-CV-184-KKC<br><br><br>**OPINION AND ORDER** |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on a Motion to Dismiss (DE 42) filed by Nathan McKeehan, Michael Barker, and Paul Huchinson (collectively, "Defendants"), by and through the Assistant United States Attorney for the Eastern District of Kentucky. Magistrate Judge Edward B. Atkins has recommended that the Court grant Defendants' Motion to Dismiss. (DE 45.) Now that Plaintiff has filed objections to the magistrate judge's recommendation (DE 46), this matter is ripe for the Court's review.

**I.**

The magistrate judge concluded that J'Honali One Eye El-Bey ("Plaintiff") failed to state a claim upon which relief can be granted because his *Bivens* claims are barred by the applicable statute of limitations. (DE 45 at 4.) Plaintiff's objections to the magistrate judge's recommendation appear to revolve around one assertion: his action cannot be barred by the statute of limitations because his action was transferred from the Southern District of Ohio and filed before the statute of limitations ran. (DE 46 at 1.)

State law defines the length of the statute of limitations for a *Bivens* claim. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005); *see also Zundel v. Holder*, 687 F.3d 271, 281

(6th Cir. 2012) (applying Tennessee law). More accurately, federal courts apply the time limit established by the state in which the alleged constitutional violations occurred. *Zundel*, 687 F.3d at 281. Under Kentucky law, *Bivens* claims have a one-year statute of limitations. *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) (citing *McSurely v. Hutchinson*, 823 F.2d 1002 (6th Cir. 1987)); KRS § 413.140(1)(a). The statute of limitations for a *Bivens* claim begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Mason v. Dep't of Just.*, 39 F. Appx. 205, 207 (6th Cir. 2002) (quoting *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988)).

Here, Plaintiff alleges the events that gave rise to this action occurred on February 17, 2022. (DE 1 at 2–3.) Therefore, Plaintiff was required under the applicable statute of limitations to initiate this action by February 17, 2023. Yet Plaintiff filed the underlying complaint on June 10, 2023. (*See generally* DE 1.) On its face, the record demonstrates that Plaintiff's action is barred by the statute of limitations.

Plaintiff, however, appears to argue that this action cannot be untimely because it was transferred from the Southern District of Ohio. Indeed, Plaintiff did file a similar action in the Southern District of Ohio on March 14, 2022. (*See generally* Case No. 5:22-cv-67-KKC, DE 1-1.) This action was transferred to the Eastern District of Kentucky pursuant to 28 U.S.C. § 1391(b). (Case No. 5:22-cv-67-KKC, DE 4.) This Court subsequently dismissed Plaintiff's action after ordering him to cure several deficiencies and file a new complaint using the E.D. Ky. 520 Civil Rights Complaint Form, the form used in this district by *pro se* prisoners pursuing civil rights claims. (DE 9 at 1.) Plaintiff failed to cure these deficiencies. (*Id.* at 2.) This dismissal was without prejudice, affording Plaintiff the opportunity to refile his complaint in the correct manner. (*Id.*)

Yet Plaintiff did not attempt to refile his action until June 10, 2023—approximately four months after the statute of limitations ran. Contrary to Plaintiff's argument, the action that he originally filed and the instant action are not the same case. Plaintiff does not address the original action's dismissal in his objections to the recommendation. Plaintiff was still required to file his action within the period governed by the statute of limitations, and he failed to do so. *See Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987) (explaining that dismissals without prejudice "operate to leave the parties as if no action had been commenced" and that "any new action" filed beyond the applicable statute of limitations "is generally untimely"). Accordingly, his claims are barred by the statute of limitations and the Court will grant Defendants' motion to dismiss.

### III.

For the aforementioned reasons, the Court hereby ORDERS as follows:

1)  the Report and Recommendation (DE 45) is ADOPTED as the Court's opinion;

2)  Defendants' Motion to Dismiss (DE 42) is GRANTED, in that Plaintiff's claims are BARRED by the applicable statute of limitations and DISMISSED; and

3)  the Court will enter a judgment consistent with this opinion.

July 30, 2025



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY